# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Laron Young, | ) |
| | ) |
|     Plaintiff, | ) **ORDER DENYING MOTION TO** |
| | ) **COMPEL DISCOVERY WITHOUT** |
| vs. | ) **PREJUDICE** |
| | ) |
| Burleigh Morton Detention Center, | ) |
| Reliance Telephone, Inc., Mike Hangleben, | ) |
| and Dave D. Hangleben, | ) Case No. 1:19-cr-039 |
| | ) |
|     Defendants. | ) |

Plaintiff Laron Young ("Young") is a pretrial detainee at the Heart of America Correctional and Treatment Center in Rugby, North Dakota. He initiated this action with the submission of an application to proceed without prepaying fees or cost and proposed complaint. On March 7, 2019, the Court issued an order (1) granting the application to proceed in forma pauperis, and (2) directing the Clerk's office to file the complaint but not to serve the Defendants with summonses or copies of the complaint until so directed by the Court. (Doc. No. 5).[1]

On April 29 and May 1, 2019, the Plaintiff filed what the court construes as motions to compel discovery.[2] These motions are premature. Fed. R. Civ. P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized

---

[1] Defendants have both filed answers to plaintiff's complaint. (Doc. Nos. 14 and 18). As the Clerk's office did not provide them with copies of plaintiff's complaint, the court can surmise that plaintiff took it upon himself to attempt service.

[2] On April 29, 2019, plaintiff filed his interrogatories, a request for production of documents, a request for admissions, and a subpoena duces tecum. (Doc. No. 15). On May 1, 2019, he filed a document captioned "production of documents" along with 13 exhibits. (Doc. No. 17).

1

by these rules, by stipulation, or by court order." The parties have not conferred or otherwise stipulated to the commencement of discovery and the court not issued any orders authorizing discovery to commence. In fact, the court has yet to complete its initial screening of plaintiff's complaint as mandated by 28 U.S.C. § 1915A(a).

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit. <u>Jones v. Bock</u>, 549 U.S. 199, 202-03 (2007); <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A(a). In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. <u>Id.</u>

Plaintiff's motions to compel (Docket Nos. 15 and 17 ) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2019.

                                                           */s/ Clare. R. Hochalter*
                                                          Clare R. Hochhalter, Magistrate Judge
                                                          United States Magistrate Judge